## 11376

### STATE v. EDWARDS

#### (120 S. E., 490)

1. WITNESSES—EVIDENCE OF GOOD REPUTATION OF RESIDENT WITNESS PROPERLY EXCLUDED.—Where a prosecution for robbery was being tried in the County in which defendant's witness was a resident, evidence of good reputation of witness was properly excluded.

2. CRIMINAL LAW—REQUEST HELD CHARGE ON FACT.—A request that, "while motive is not a necessary element on the part of the State, yet absence of motive may be sufficient to raise a reasonable doubt in the minds of the jury as to the defendant's guilt," *held* properly

refused as being a charge on the facts; absence of motive being merely a circumstance to be considered by the jury.

3. CRIMINAL LAW—INFERENCES FROM FACT HELD FOR JURY.—A contention that the jury failed to give defendant the benefit of the reasonable doubt arising out of the testimony, in that the jury, having asked that defendant's face be washed, showed that there was a reasonable doubt in their minds, and, after the washing of defendant's face, failed to show there was any coloring on his skin, the jury should have given him the benefit of the doubt which must have been in their minds when they made this request, *held* without merit, as inferences from the facts are to be drawn by the jury.

4. ROBBERY—FIFTEEN YEARS HELD EXCESSIVE SENTENCE.—Under Cr. Code, § 124, authorizing a sentence of from three months to ten years for a felony for which no special punishment is provided, and section 127 authorizing a punishment according to common usage and practice in cases for which no punishment is provided by Statute, a sentence of fifteen years for highway robbery was excessive.

5. CRIMINAL LAW—EXCESSIVE SENTENCE DOES NOT REQUIRE NEW TRIAL.—An excessive sentence does not entitle defendant to a new trial, but the case will be remanded merely for resentence.

Before GARY, J., Greenville, January, 1922. Case remanded for re-sentence.

Will Edwards was convicted of highway robbery and he appeals.

Defendant's exceptions were as follows:

(1) That his Honor erred in refusing to permit the defendant to offer testimony of J. V. Crosskeys and others as to the reputation of the witness Joshua Moore for honesty, truth, and veracity; it being respectfully submitted that the proof showed that Mrs. Jones, the prosecutrix, was a white lady, and had identified the defendant as being the one who robbed her, and, as the defendant's defense was an alibi, and the principal evidence upon which he relied was that of a colored man, Joshua Moore, and his family, it was proper for the defendant to prove that Joshua Moore, a colored man, was a witness of honorable reputation, thereby making the defense and the prosecution equal in the eyes

of the law before the jury; it being further submitted, that, as the witnesses were negroes, who are not generally known in the community to jurors who do not reside near them, it was proper to show to the jury that the witness, Joshua Moore, was an honorable, upright, and truthful colored man, and in refusing to permit this testimony the Court committed error of law.

(2) That his Honor erred in refusing to charge defendant's special request to charge as follows: "While motive is not a necessary element on the part of the State, yet absence of motive may be sufficient to raise a reasonable doubt in the minds of the jury as to the defendant's guilt"— it being respectfully submitted that said request was a sound proposition of law, and that the defendant was entitled to have the same charged as requested, upon the ground that the absence of proof, or lack of proof, or insufficiency of proof, is always a question which the jury has a right to consider on the question of reasonable doubt.

(3) That the jury failed to give the defendant the benefit of the reasonable doubt arising out of the testimony, as instructed by the Court, in that, the jury having asked that the defendant's face be washed, showed that there was a reasonable doubt in their minds, and as the washing of defendant's face failed to show there was any coloring or other matter on his skin, the jury would have given him the benefit of the doubt, which must have been in their minds when they made this request.

(4) That the sentence of 15 years was more than the law provides for conviction of one guilty of robbery.

*Messrs. Bonham & Price* and *T. E. LaGrone,* for appellant, cite: *Testimony as to character of strange witness is admissible:* 116 S. C., 165. *Charge on absence of motive improperly refused:* 20 S. C., 452; 48 Pac., 75; 46 S. W., 733; 98 S. W., 11; 126 S. W., 470; 124 S. W., 783; 106 Pac., 364. *Sentence should not have been in excess of*

*ten years under Sec. 124, Criminal Code, 1922*; Id., Sec., 127.

*Mr. D. W. Smoak, Solicitor* for the State.

December 13, 1923.

The opinion of the Court was delivered by MR. CHIEF JUSTICE GARY.

The following statement appears in the record:

"The defendant, Will Edwards, a colored ex-soldier, was indicted at the January, 1922, term of the Court of General Sessions, on a charge of highway robbery; it being alleged that he, on the night of December 4, 1921, between 6 and 7 o'clock had robbed Mrs. T. E. Jones, a white lady, residing on the corner of Butler Avenue and Buncombe Street, one of the most prominent thoroughfares in the city of Greenville. The defendant was tried before Judge Frank B. Gary and a jury, on January 9 and 10, 1922. A most peculiar incident occurred during the trial. It developed in the testimony that Mrs. Jones had described the negro as being a brown skin negro. The defendant was a coal black negro, and the question of his color was a sharp issue during the trial. After the jury had deliberated on the case for a considerable time, they returned to the Courtroom and asked if there was any objection to having the defendant's face washed; it having been contended during argument by the Solicitor that his face could have been stained. Hot water and washing powder was produced, and in the presence of the Court and jury, in open Court, the defendant vigorously scrubbed his face for several minutes without the slightest variation in his color. The jury returned to their room, and thereafter brought out a verdict of guilty, and the defendant was sentenced to 15 years imprisonment."

The defendant appealed upon exceptions which will be reported. They will be considered in regular order.

9—S. C. R., 127.

First exception: The case of *Chapman v. Cooley,* 12 Rich., 654, and *Dennis v. Street Ry.,* 93 S. C., 296; 76 S. E., 711, show that this exception cannot be sustained. The appellant's attorneys rely upon the case of *Woods v. Thrower,* 116 S. C., 165; 107 S. E., 250; 15 A. L. R., 1062, but the facts in that case are materially different from those in the present case, inasmuch as the witness Joshua Moore was a resident of Greenville County in which the defendant was tried. This exception is over-ruled.

Second exception: Applying the request to the case then under consideration, it embodied a charge on the facts, and was properly refused. In *State v. Coleman,* 20 S. C., 441, his Honor, the presiding Judge, was requested to charge the jury "that, if they believed that the prisoner had no motive for killing the deceased, as shown by words or deeds previous or subsequent to the act, then they must acquit him on the ground of want of criminal intent," and instead charged, "that the intent must exist and be shown to exist, but the motive may not be discovered; *the absence of a motive revealed is a circumstance to be duly considered in weighing the question of guilt."* Held that in this there was no error. The words which we have italicized show that absence of motive is a mere circumstance to be considered by the jury. This exception is overruled.

Third exception: This exception is overruled for the reason that inferences from the facts are to be drawn by the jury and not by the presiding Judge.

Fourth exception: "Where no special punishment is provided for a felony, it shall, at the discretion of the Court, be by one or more of the following modes, to wit: Confinement in the penitentiary, or in a workhouse or penal farm (when such institution shall exist), for a period not less than three months nor more than ten years, with such imposition of hard labor and solitary confinement as may be directed." Criminal Code, § 124. "In cases of

legal conviction, where no punishment is provided by statute, the Court shall award such sentence as is conformable to the common usages and practice in this State, according to the nature of the offense, and not repugnant to the Constitution." Criminal Code, § 127. These sections must be construed together, and show that this exception must be sustained. This, however, does not entitle the appellant to a new trial, but merely to be resentenced.

It is therefore ordered that the case be remanded to the Court below for the sole purpose of a resentence.