## 11540

### STATE ·v. ROBERTS

#### (123 S. E., 770)

1. CRIMINAL LAW—ADMISSION OF ALLEGED CONFESSION OF ONE OF TWO DEFENDANTS HELD NOT ERROR.—In a prosecution for murder against two defendants, admission of alleged confession of one defendant *held* not error, in view of instructions that it could be used only against party making it.

2. CRIMINAL LAW—STATEMENT BY ONE DEFENDANT IN OTHER'S PRESENCE HELD ADMISSIBLE.—In a prosecution for murder against two defendants, a statement made by one defendant in other's presence *held* admissible.

Before TOWNSEND, J., Richland, May, 1923. Affirmed.

Andrew Roberts was convicted of murder with recommendation to mercy and he appeals.

*Messrs. G. Duncan Bellinger* and *Mendel L. Smith,* for appellant, cite: *Conviction defined:* 3 A. & E. Enc. L., 438; Whar. Cr. Ev. 9th Ed., Sec. 632; 36 S. C., 524. *Statement of another party of crime not binding on defendant as a confession and inadmissible:* 36 S. C., 524; 48 S. C., 136; 49 S. C., 410; 109 S. C., 142. *Whether confession should be received or considered is for the jury:* 13 S. C., 389; 15, S. C., 540; 36 S. C., 524; 58 S. C., 112; 87 S. C., 407; 93 S. C., 149; 99 S. C., 504; 106 S. E., 573; 117 S. C., 470. *Joint defendants may be convicted*

*of different degrees of crime:* Archibald Cr. Prac. 7th Ed., 825; 1 Bish. New Crim. Proc. 2nd Ed., 897; Clark's Crim. Proc., 307; 3 Russel Crimes 6th Ed., 141; 1 Stark Cr. Pl. 2nd Ed., 37; Whar. Cr. Pl. & Pr. Sec., 755; Whar. Homicide 3rd Ed., 51; 1 Bay 488; 49 S. C., 555.

*Mr. A. F. Spigner, Solicitor,* for the State. .

July 7, 1924.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

"This is an appeal from the sentence of life imprisonment pronounced upon the appellant, who was convicted of murder with recommendation to mercy by a jury in Richland County, before Hon. W. H. Townsend, Judge, at the May, 1923, term of Court. The appellant was jointly tried with his codefendant Jesse Cooper; they being jointly charged with the murder of C. R. Cannon."

The exceptions, twenty in number, complain of error on the part of his Honor in admitting alleged confessions of Jesse Cooper affecting the appellant, and alleged error on the part of his Honor in his charge to the Jury.

We see no error on the part of his Honor in admitting the alleged confessions of the defendants. His Honor was careful at all times to instruct the jury that it could only be used against the party making it, and he was careful to warn the jury that the statement of Cooper to the officers and others could not be considered by them against Roberts, in the absence of Roberts, when made by Cooper. The statement made by Cooper in Roberts' presence was competent evidence, and his Honor properly ruled that it was admissible.

Both of the defendants testified in their defense. The jury had the benefit of their evidence, and we see no error on the part of his Honor in admitting in evidence the statement Cooper made at different times in the absence of Rob-

erts, as he time after time instructed the jury that it was not to be taken against Roberts, and he was clearly right in admitting in evidence the statement of Cooper made to Roberts, or in his presence and hearing.

As to the exceptions complaining of error on the part of his Honor in his charge to the jury, taking the charge as a whole, it was clear, comprehensive, and able and free from error, as complained of and in no way prejudicial to the appellant.

We see no error as complained of by the exceptions. All exceptions are overruled, and judgment affirmed.

MESSRS. JUSTICES FRASER, COTHRAN and MARION concur.

MR. CHIEF JUSTICE GARY did not participate.