## 19980

The STATE, Respondent, v. Michael TODD, Appellant

(213 S. E. (2d) 99)

*Messrs. G. Ross Anderson, Jr., Karl L. Kenyon, and William N. Epps, Jr.,* of Anderson, *Kenyon & Epps,* Anderson, *for Appellant,*

*Messrs. Daniel R. McLeod, Atty. Gen., C. Tolbert Goolsby, Dep. Atty. Gen., Joseph R. Barker, Asst. Atty. Gen., and Richard P. Wilson, Staff Atty.,* of Columbia, *for Respondent,*

March 26, 1975.

LITTLEJOHN, Justice:

The appellant, Michael Gene Todd, was charged in two indictments with assualt and battery with intent to kill upon Sam J. Owens and Floyd Holcombe. The pistol shootings which constituted the assault and battery grew out of the same incident and the cases were tried together.

After conviction of a lesser offense and sentence on both indictments, Todd acquired counsel now of record and filed this appeal. He submits to this Court that the trial judge erred in five particulars as relate to his charge to the jury. He further alleges that the conviction should not stand since there was insufficient evidence to support the conviction.

A review of the record reveals that none of the issues upon which Todd bases this appeal was submitted to the trial judge. At the end of the judge's charge trial counsel was given an opportunity to except to any portion of the charge or request additional instructions. Both counsel for the State and for Todd indicated no objections or requests. Counsel neither moved for a directed verdict, or for a new trial, nor challenged the sufficiency of the evidence to sustain a conviction in the court below.

In cases too numerous to cite, found in the annotation to South Carolina Code § 10-1210 (1962) and in 7A South Carolina Digest Criminal Law 847 (1971 Cum. Supp. 1973), it has been held that the failure of a defendant to object to the charge as made or to request additional instructions, when the opportunity to do so is afforded, constitutes a waiver of any right to complain of errors in the charge. *Peyton v. Strickland,* 262 S. C. 210, 203 S. E. (2d) 388 (1974).

In like manner, we have held that if a defendant fails to challenge the sufficiency of the evidence in the court below the issue may not be raised upon appeal for the first time. To hold otherwise would mean that the appellate court would be exercising original jurisdiction rather than serving as a reviewing court. *State v. McCrary,* 242 S. C. 506, 131 S. E. (2d) 687 (1963).

Affirmed.

Moss, C. J., and LEWIS, BUSSEY and NESS, JJ., concur.