20351

The STATE, Respondent, v. Berlie David DAWKINS, Appellant.
(232 S. E. (2d) 228)

*Messrs. Pope and Shumpert,* of Newberry, *for Appellant.*
*Messrs. Daniel R. McLeod, Atty. Gen., Joseph R. Barker*

*and Robert N. Wells, Asst. Attys. Gen., and Perry M. Buck-ner, Staff Atty.,* of Columbia, *and William T. Jones, Sol.,* of Greenwood, *for Respondent.*

January 26, 1977.

*Per Curiam:*

Appellant was convicted of driving under the influence and sentenced to three (3) years imprisonment, suspended upon the service of fifteen (15) months. On this appeal appellant asserts error on the part of the trial judge in refusing to ask a certain question on *voir dire* examination, and in making a statement to the jury concerning the existence of certain testimony.

The first of the alleged errors deals with an area in which the trial judge is given wide discretion. We find no abuse of discretion here.

We find merit to appellant's contention, however, that the trial judge made an impermissible comment on the testimony given in the case. At trial the jury returned to the courtroom after deliberating for a short time and inquired about the distance between appellant's car and the arresting officer's car. Since appellant freely admitted that he was intoxicated, and the basic issue was who was driving, this distance was important in determining the officer's ability to observe an alleged switch of drivers in appellant's car. After a portion of the testimony was replayed, the trial judge stated that he did not think there was any testimony of the distance "in inches and feet." The record reveals, however, that twice on cross-examination the officer agreed with defense counsel that the distance was approximately three hundred (300) feet.

Under Article 5 Section 17 of the South Carolina Constitution a trial judge may not, expressly or by implication, intimate any opinion as to the force and effect of testimony in the case. *State v. Simmons,* 209 S. C. 531,

41 S. E. (2d) 217 (1947); *State v. Pruitt,* 187 S. C. 58, 196 S. E. 371 (1938). We think it clear that the trial judge's statement here runs afoul of this provision.

Reversed and Remanded for a New Trial.