## 1759

The STATE, Respondent v. Jamie HARTLEY, Appellant.

(414 S.E. (2d) 182)

Court of Appeals

*Wayne Floyd*, West Columbia, and *Tommy Thomas*, Columbia, *for appellant.*

*Atty. Gen. T. Travis Medlock, Asst. Attys. Gen. Harold M. Coombs, Jr.*, and *Norman Mark Rapoport*, Columbia, and *Sol. Donald V. Myers*, Lexington, *for respondent.*

Heard Dec. 2, 1991.

Decided Jan. 13, 1992.

GOOLSBY, Judge:

Jamie Hartley appeals his conviction for murder. The questions on appeal relate to the trial judge's jury charges, the trial judge's handling of a question from the jury during jury deliberations, Hartley's cross-examination, and the trial judge's failure to grant a mistrial. We affirm.

Hartley and a co-defendant were convicted of murder and sentenced to life imprisonment. An autopsy showed the murder victim's head had been crushed by a heavy object. She had also been beaten with a wooden object. Police found a 93-pound piece of concrete with blood on it near where they believed the victim died. There is evidence in the record that Hartley dropped the 93-pound concrete slab on the victim's head.

## I.

We reject Hartley's contention that the trial judge erred in denying Hartley's request that the jury be charged as follows:

The absence of a motive is a circumstance to be duly considered in weighing the question of guilt. [Citation omitted]. If you find that the [d]efendant, Jamie Hartley, had no motive to commit murder, then lack of motive is to be duly considered by you in weighing the question of guilt regarding him. [Citation omitted.]

We hold the requested charge constitutes an impermissible charge on the facts. *See* S.C. Const. art. V, § 21 ("Judges shall not charge juries in respect to matters of fact, but shall declare the law."); *State v. Bagwell*, 201 S.C. 387, 23 S.E. (2d) 244 (1942) (A judge cannot express in his charge, or intimate any opinion as to the weight or the sufficiency of testimony without violating the prohibition of the Constitution as to charging upon the facts); 75A Am. Jur. (2d) *Trial* § 1203, at 693 (1991) ("[T]he trial court may not instruct the jury what weight should be given [to the evidence], or even that any particular evidence is or is not entitled to receive weight or consideration from them."); *cf. State v. Edwards*, 127 S.C. 116, 120 S.E. 490 (1923) (wherein our Supreme Court held the absence of motive is a mere circumstance to be considered by the jury and rejected an instruction that the absence of motive may raise a reasonable doubt as to the defendant's guilt because it was a charge on the facts).

The charge requested by Hartley directs the jury to "duly consider" the absence of motive in "weighing" the question of Hartley's guilt, if the jury determines Hartley had no motive to murder the victim. Thus, the trial judge was requested, in effect, to charge that particular evidence (*i.e.*, evidence of lack of motive) is entitled to receive weight or consideration. The requested charge is clearly a charge on a fact that the jury was to determine.

## II.

Hartley next contends the instruction to the jury on the use of a deadly weapon violated his due process rights. Hartley, however, did not object to this instruction at trial. He has therefore waived his right to complain about it on appeal. *State v. Stone*, 285 S.C. 368, 330 S.E. (2d) 286 (1985).

## III.

Hartley complains of the trial judge's refusal to charge the jury on the crime of manslaughter as a lesser-included offense of the crime of murder. We find no error.

While there is evidence from Hartley that, to quote from his brief, "he never tried to hurt the victim in any way," "never had any evil or ill feelings toward her," and the victim never

did "anything to make him angry or mad," there is no evidence either from him or from the state that shows Hartley *killed* the victim *without malice. See State v. Funchess*, 267 S.C. 427, 429, 229 S.E. (2d) 331, 332 (1976) ("[I]t is not error to refuse to submit a lesser included offense unless there is testimony tending to show that the defendant is *only* guilty of the lesser offense." [emphasis theirs]); S.C. Code Ann. § 16-3-50 (1976) (defining manslaughter as "the unlawful killing of another without malice, express or implied"). Indeed, Hartley, as we read his testimony, denied any responsibility for killing the victim and placed the blame for her killing entirely on his co-defendant. He pictured himself as a mere onlooker at the time the victim was killed.

Manslaughter, which may be voluntary or involuntary, ■ is a proper charge when there is either evidence the killing was committed in the heat of passion incited by legally adequate provocation or the killing resulted from criminal negligence. *See* McAninch and Fairey, *The Criminal Law of South Carolina* at 149 and 162 (2d ed. 1989) (discussing the crimes of voluntary and involuntary manslaughter). There is no evidence of either provocation or criminal negligence here. Under the state's version of what happened, malice accompanied the victim's killing. Under Hartley's version, he did not participate in her killing and was but an innocent bystander. Under neither version was a charge of manslaughter warranted.

## IV.

We need not address the issue regarding whether the trial judge erred in refusing to charge the jury on the crimes of accessory after the fact and misprision of a felony, offenses for which Hartley was not indicted.

An instruction on a lesser offense is proper, but only if ■ the lesser offense is a lesser-included offense of an offense charged in the indictment. 23A C.J.S. *Criminal Law* § 1344, at 257 (1989).

Hartley makes no argument on appeal that these offenses are lesser-included offenses of the offense of murder.

## V.

Hartley asserts the trial judge erred when he refused "to clarify the jury's confusion" about Hartley's testimony.

During the jury's deliberations, the jury sent the trial judge a note asking:

> Did Jamie Hartley state this morning on the stand that he picked up the largest rock when a gurgling noise was coming from [the victim] and dropped it on her to put her out of her misery or did he indicate it was dropped by someone else?

The trial judge responded by stating he could not answer the question because it raised "a factual issue." He advised the jury, however, he would play back any particular testimony that the jury wished to hear. The jury later asked to hear replayed only the solicitor's cross-examination of Hartley. The trial judge granted the jury's request. *See State v. Plyler*, 275 S.C. 291, 298, 270 S.E. (2d) 126, 129 (1980) ("The trial judge, in his discretion, may permit the jury at their request to review . . . testimony after beginning their deliberations [and] [t]he extent of such review is within the discretion of the trial judge to be exercised in the light of the jury's request.").

## A.

Hartley first complains of the trial judge's refusal to grant his request that the jury be instructed "that the transcript taken as a whole . . . indicate[d] that Mr. Hartley always said that someone else struck [the victim] with the rocks and he never touched her."

The trial judge refused to give the requested instruction, stating "[t]hat would be a charge on the facts." We agree with the trial judge. The requested instruction, if it had been given, would have constituted a charge on the facts in that it would have stated as a fact a matter to be determined by the jury. 75A Am. Jur. (2d) *supra* § 1202, at 692; *see* S.C. Const. art. V, § 21 ("Judges shall not charge juries in respect to matters of fact, but shall declare the law."); *State v. Ates*, 297 S.C. 316, 377 S.E. (2d) 98 (1989) (a judge must refrain from all comment that tends to indicate his opinion on the facts in controversy);

*cf. State v. Dawkins*, 268 S.C. 110, 232 S.E. (2d) 228 (1977) (wherein the Supreme Court reversed a conviction because the trial judge in responding to a factual inquiry by the jury during their deliberations ran afoul of the constitutional provision that a trial judge may not, expressly or by implication, intimate any opinion as to the force and effect of testimony in the case). There was evidence that Hartley while in jail told one inmate he "[had] busted the girl in the head with the rock" and told another inmate he "had dropped a concrete-like slab you pour around a fence post" on the victim.

### B.

We need not address Hartley's complaint concerning the failure of the trial judge to require the jury, as his brief phrases it, "to listen to other portions of [Hartley's] testimony on the rock."

Hartley never asked the trial judge to have the "other portions" of Hartley's testimony about the rock played back to the jury. Moreover, he never objected at trial to the playback of only Hartley's cross-examination by the solicitor. *See State v. Bailey*, 298 S.C. 1, 377 S.E. (2d) 581 (1989) (the failure to either raise an issue or preserve an objection at trial waives the right to argue it on appeal).

In any case, were we to reach this issue, we would hold the trial judge committed no abuse of discretion. *See Plyler*, 275 S.C. at 298, 270 S.E. (2d) at 129 (the trial judge, in his discretion, may permit the jury at their request to review testimony and the trial judge is not required to submit evidence to the jury for review beyond that specifically requested).

### VI.

We turn now to Hartley's argument that the trial judge committed reversible error in refusing to grant a mistrial "when the state improperly questioned [Hartley] about his previous criminal record."

During his cross-examination, the solicitor twice asked Hartley, without first establishing Hartley had been convicted of a criminal offense, whether he had prior convictions for burglary and for grand larceny. Each time the question was asked, Hartley's attorney objected and moved

for a mistrial on the ground that the solicitor's cross-examination of Hartley about prior convictions was improper. *See* 81 Am. Jur. (2d) *Witnesses* § 584, at 590 (1976) ("[I]t has been observed that the question should be propounded in line with the statute, that is to say, counsel should ask of the witness whether he was ever convicted in any court of a criminal offense (or in some states, of a felony). . . ."). Hartley never answered the question.

The trial judge instructed the solicitor each time Hartley objected to the question to rephrase it, thereby effectively sustaining Hartley's objection to the question. The trial judge refused to grant a mistrial, both when the objections were made and when Hartley later renewed the motions. Because Hartley wanted him to do so, the trial judge later instructed the jury on the use of prior convictions. When Hartley complained of the instruction's wording, the trial judge offered to give the jury, if Hartley's counsel would prepare it, another curative instruction. Hartley declined the trial judge's offer.

The state's attempt to impeach Hartley's credibility by asking him whether he had been convicted of burglary and grand larceny affords no basis for reversal under the circumstances presented here. *See Brubach v. Almy,* 520 A. (2d) 334 (Me. 1987) (prejudice flowing from an attempt to impeach a party's credibility by reference to a possible felony conviction where it was unclear that such evidence would have been admissible deemed cured where the trial court sustained an objection to the line of questioning and twice offered to give the jury a curative instruction); *cf. State v. Brewster,* 1 Ohio Op. (3d) 372 (1976) (a prosecutor's question about a defendant's juvenile record did not require a mistrial where the defendant did not answer the question and the trial judge instructed the jury to disregard the question).

## VII.

We need not address Hartley's argument that the trial judge's charge to the jury concerning Hartley's prior criminal record was a comment on the facts.

When Hartley objected to the charge at trial, the trial judge pointedly gave Hartley the opportunity to prepare a curative instruction. As we noted earlier, Hartley chose not to prepare

one. This failure waived Hartley's right to complain about the charge. *See State v. Todd,* 264 S.C. 136, 139, 213 S.E. (2d) 99, 100 (1975) ("[T]he failure of a defendant to object to the charge as made or to request additional instructions, when the opportunity to do so is afforded, constitutes a waiver of any right to complain of errors in the charge."); 75 Am. Jur. (2d) *Trial,* § 918, at 784 (1974) (an objection to an instruction may be waived by a party's subsequent conduct); *see also id.* § 909, at 775-76 ("Generally, however, where an instruction given by the court is deemed . . . erroneous, it is the duty of counsel to suggest its correction at once, and not silently reserve it for a future exception."); *cf.* 89 C.J.S. *Trial* § 448, at 74 (1955) ("An error in a charge is, as a general rule, cured where the court subsequently withdraws or corrects it. . . .").

Affirmed.

GARDNER, J., concurs and SANDERS, C.J., concurs in a separate opinion.

SANDERS, Chief Judge (concurring):

Even if properly requested, I do not think a trial judge should charge, in a murder case, that the absence of a motive should be considered in deciding the question of guilt.

The most brutal murders, like the murder in this case, are commonly committed without an apparent motive. Indeed, the absence of a motive is sometimes what makes them seem brutal. The homicide detective's Holy Trinity, *i.e.,* the three things that solve murders, are physical evidence, witnesses and confessions. The experienced investigator ignores motivation. Agatha Christie, and her ilk, would have us believe that to catch a murderer, the motive must first be established. In real life, however, unlike on the Orient Express, a known motive is often beside the point. Ignore the why, the homicide detective will tell you. Find out the how, and nine times out of ten, it will give you the who. D. Simon, *Homicide* (1991).[1] Unfortunately, this concept goes against the grain. Popular literature, like that of Agatha Christie, has

---

[1] *See* Monahan & Walker, *Social Authority: Obtaining, Evaluating, and Establishing Social Science in Law,* 134 U. Pa. L. Rev. 477 (1986) (proposing that courts treat social science the way they would legal precedent under the common law).

led us to believe that proof of a motive is critical. Fortunately, the law of South Carolina has always taken a more realistic view.

In this State, it is well settled that motive is not an element of murder and, therefore the State need not prove motive. *State v. Thrailkill*, 73 S.C. 314, 53 S.E. 482 (1906). To charge a jury that the absence of a motive should be considered in deciding guilt has the practical effect of requiring the State to prove motive or risk hopelessly imperiling its case. Such a charge seems to me both contrary to the settled principle of law and wholly unrealistic in terms of how the guilt of a defendant should be decided.