THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS 
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
The State, Respondent,
v.
Robert Gibson, Appellant.
 
 
 

Appeal From Richland County
 Clifton Newman, Circuit Court Judge

Unpublished Opinion No. 2006-UP-275
Submitted June 1, 2006  Filed June 8, 2006

AFFIRMED

 
 
 
Assistant Appellate Defender Eleanor Duffy Cleary, of Columbia, for Appellant.
Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, Assistant Attorney General David A. Spencer, all of Columbia; and Solicitor Warren Blair Giese, of Columbia; for Respondent.
 
 
 

PER CURIAM:  Robert Gibson appeals his convictions for armed robbery and kidnapping.  He contends the circuit court erred in declining to grant a mistrial after a witness referred to his status as a parolee.  We affirm.[1]
FACTS
At approximately 10:15 p.m. on May 22, 2002, Michael Bethel left work and drove his uncles 1990 white Cadillac to Rushs on Broad River Road in Columbia to get a milk shake.  After Bethel returned to his car, he realized that he had left his wallet inside Rushs.  Bethel drove around the parking lot, parked his car, and returned to Rushs.  As Bethel exited his car, he was approached by a male who asked him where any weed was at.  Bethel did not respond and continued walking toward the restaurant. 
After retrieving his wallet, Bethel left Rushs and called his roommate on his cell phone at approximately 10:26 p.m.  When Bethel started the engine of his car, he was approached by an African-American male wielding a gun.  Bethel had seen the man exit the passenger side of a nearby parked car.  As Bethel got out of his car, the robber ordered him to get back into the car.  The robber then sat down in the back seat of Bethels car and pointed the gun at the back of Bethels head.  
The robber instructed Bethel to drive to an apartment complex off of Broad River Road.  As Bethel was driving, he noticed the car which the robber had been in was following him.  The robber then directed Bethel to stop and park on a side street.  After ordering Bethel to exit the vehicle, the robber demanded the chain that Bethel was wearing as well as his cell phone and pocket money.  The robber then drove off in Bethels car.  Bethel immediately called the police at 10:40 p.m.
An investigation by the Richland County Sheriffs Department revealed that Bethels cell phone was used to call Gibsons mothers cell phone at 10:58 p.m., 11:16 p.m., and 11:34 p.m. on the evening of the robbery.  June Collier, Gibsons former girlfriend who lived in Horry County received a call from Gibson on Bethels cell phone at approximately 11:46 p.m. on May 22, 2002, and at 1:21 a.m. the next morning.  Collier returned Gibsons call and left a voicemail message on Bethels phone.  As a result of this communication, Collier met Gibson and his passenger, Quinton Sanders, in Conway.  Gibson followed Collier back to her home.  Gibson and Sanders stayed with Collier and then left after breakfast on May 23, 2002. 
Later in the day, Gibson drove to Florence to visit with his former girlfriend, Tracey Porche.  Porche testified that Gibson and Sanders arrived in an older model white car.  The three then left to pick up lunch at a nearby restaurant.  As they drove through town, Porche instructed Gibson to turn down the music in the car when she noticed a police officer.  Porche testified Sanders removed a gun from the glove compartment and placed it under his clothes when the officer began to follow them.  According to the officer, Gibson began to drive in a very suspicious manner.  Based on this observation, the officer requested that dispatch run a check on the license plate number.  When the license plate check revealed that the car was stolen and had been part of an armed robbery, the officer requested backup officers.   Police officers surrounded the car after Gibson pulled into a McDonalds.  Ignoring the officers orders to the occupants to stop and put their hands in the air, Gibson sped up and a chase ensued.  
Gibson led officers on a high-speed chase through commercial and residential areas.  Porche testified that Sanders discarded the gun during the chase.  Ultimately, Gibson lost control of the car and jumped out while it was still in motion.  The officers were able to apprehend Gibson, Sanders, and Porche after the car crashed into a tree and caught on fire.  
On May 28, 2002, Bethel was presented with a photographic lineup in which he positively identified Gibson as the robber.
A Richland County grand jury indicted Gibson for armed robbery and kidnapping.  A jury convicted Gibson of both of these charges.  The trial judge sentenced Gibson to two concurrent terms of fifteen years imprisonment.  This appealed followed.
DISCUSSION
Gibson argues the trial judge erred in declining to grant his request for a mistrial after Porche testified regarding his status as a parolee.  We disagree.
During direct examination of Porche, the solicitor questioned her regarding the high-speed chase.  Specifically, he inquired:

Q.  Were they talking at all in the front seat during all this?
A.   No, there wasnt much talk.  I was asking [Gibson] why he was running?  And he says something about parole.  And . . . he was asking the passenger was I all right after we went over 52 and the car was airborne.  But there wasnt much of a conversation in the car. 

Without objection, the solicitor continued his direct examination and asked Porche eight more questions.  At the conclusion of Porches direct examination, Gibsons counsel approached the judge and requested a conference outside the presence of the jury.  During this hearing, counsel stated:

At this point in time I move for a mistrial on this case.  The basis for the motion is [the solicitor] asked Ms. Porche about any conversation she heard in the car, asked himasked him why he was running from the police.  
And her response was that he indicated something about him being on parole, thats a reference to prior criminal conviction.
The record is clear I didnt jump up at that moment in time and object, but the damage had already been done.  I prefer not to ring the bell as loud as possible making an objection at that point in time.  I addressed the court in the matter as soon as possible without making a big deal about it in front of the jury.
But it does place his prior criminal history at issue in front of this jury when he has not so placed it himself.  It is a valid basis for a mistrial motion in that regard, and I would so move.  

In response, the solicitor asserted the testimony was admissible as part of the res gestae of the offenses and that he intentionally elicited testimony.    In the alternative, the solicitor contended the testimony did not constitute hearsay because it was not offered for the truth of the matter asserted.  Even if the testimony was inadmissible, the solicitor argued that a mistrial was not warranted given it was a single statement that was fairly vague and innocuous. 
After hearing arguments from counsel, the trial judge determined the testimony improperly placed Gibsons character into evidence.  Despite this holding, the court found a mistrial was not warranted.  Gibsons counsel declined the judges offer to give a curative instruction to the jury. 
As a threshold matter, we question whether Gibson properly preserved this issue for appellate review.  Gibsons counsel did not immediately object to Porches reference to Gibsons status as a parolee.  Counsel allowed the State to complete its direct examination before any objection to the testimony was verbalized.  Instead of contemporaneously objecting to the testimony, counsel moved for a mistrial.  Additionally, Gibsons counsel refused the trial judges offer to issue a curative instruction.  In view of these procedural errors, we believe Gibson waived any challenge to Porches statement.  See State v. Moultrie, 316 S.C. 547, 555-56, 451 S.E.2d 34, 39 (Ct. App. 1994) (Our courts have held a failure to contemporaneously object to the introduction of evidence claimed to be prejudicial cannot be later bootstrapped by a motion for a mistrial. (quoting State v. Lynn, 277 S.C. 222, 226, 284 S.E.2d 786, 789 (1981))); see also State v. Watts, 321 S.C. 158, 164-65, 467 S.E.2d 272, 276 (Ct. App. 1996) (finding defendant waived any argument regarding his denial of a mistrial based on testimony implicating he had a prior record where defense counsel refused trial judges offer to strike the testimony or issue a curative instruction); State v. Hartley, 307 S.C. 239, 244-45, 414 S.E.2d 182, 186 (Ct. App. 1992) (concluding defense counsel failed to preserve any argument concerning the States attempt to impeach defendant with his prior convictions where counsel refused the trial judges offer to issue a curative instruction).   
Even if properly preserved, we find Gibsons argument to be without merit.  The decision whether to grant or deny a motion for a mistrial is within the sound discretion of the trial judge and will not be overturned on appeal absent an abuse of discretion amounting to an error of law.  State v. Council, 335 S.C. 1, 12, 515 S.E.2d 508, 514 (1999).  The power of a court to declare a mistrial ought to be used with the greatest caution under urgent circumstances, and for very plain and obvious causes stated on the record by the trial judge.  State v. Kirby, 269 S.C. 25, 28, 236 S.E.2d 33, 34 (1977).  
A mistrial should only be granted when absolutely necessary, and a defendant must show both error and resulting prejudice in order to be entitled to a mistrial.  State v. Harris, 340 S.C. 59, 63, 530 S.E.2d 626, 628 (2000).  Whether a mistrial is manifestly necessary is a fact specific inquiry.  State v. Rowlands, 343 S.C. 454, 457, 539 S.E.2d 717, 719 (Ct. App. 2000).  [T]he trial judge should exhaust other methods to cure possible prejudice before aborting a trial.  Council, 335 S.C. at 13, 515 S.E.2d at 514.
In the instant case, Porches statement was a vague and isolated comment regarding Gibson status as a parolee.  Moreover, our appellate courts have found a mistrial was not warranted where a trial judge admitted even more egregious testimony implicating a defendants prior record.  See, e.g., Council, 335 S.C. at 12-13, 515 S.E.2d at 513-14 (affirming trial judges refusal to grant a mistrial where SLED agent testified that he retrieved defendants fingerprint card from SLED records for comparison); State v. George, 323 S.C. 496, 510-11, 476 S.E.2d 903, 912 (1996) (finding mistrial was not warranted where witnesss reference to defendants possible drug dealing was vague and no testimony was presented establishing this behavior); State v. Creech, 314 S.C. 76, 81-82, 441 S.E.2d 635, 638 (Ct. App. 1993) (holding trial judge did not abuse his discretion in denying defendants motion for a mistrial where officer testified that he obtained warrants for defendants arrest and contacted the Probation Officer).  Accordingly, we conclude the trial judge did not abuse his discretion in denying Gibsons motion for a mistrial.   
Even if the judges decision to deny Gibsons motion for a mistrial constituted error, we find any error would be deemed harmless.  Whether an error is harmless depends upon the circumstances of the specific case.  State v. Taylor, 333 S.C. 159, 172, 508 S.E.2d 870, 876 (1998).  Error is harmless when it could not have reasonably affected the result of the trial.  State v. Key, 256 S.C. 90, 93-94, 180 S.E.2d 888, 889-90 (1971).  [W]here a review of the entire record establishes the error is harmless beyond a reasonable doubt, the conviction should not be reversed.  State v. Pickens, 320 S.C. 528, 531, 466 S.E.2d 364, 366 (1996).  
Here, Bethel positively identified Gibson as the man who robbed him and then stole his car.  Cell phone records showed that shortly after the robbery Bethels phone was used to contact Gibsons mother and his two former girlfriends.  After receiving a phone call from Gibson, Porche left a voicemail message on Bethels cell phone which Bethel later turned over to the investigating officers.  Finally, Gibson was apprehended while driving Gibsons car.  Thus, there was overwhelming evidence establishing Gibsons guilt for the offenses of armed robbery and kidnapping.
Based on the foregoing, Gibsons convictions and sentences are
 AFFIRMED.
HUFF, STILWELL, and BEATTY, JJ., concur.

[1]   Because oral argument would not aid the court in resolving the issues on appeal, we decide this case without oral argument pursuant to Rule 215, SCACR.