**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The State, Respondent,

v.

Kerwin S. Parker, Appellant.

Appellate Case No. 2009-147266

Appeal From Lexington County
Robin B. Stilwell, Circuit Court Judge

Unpublished Opinion No. 2013-UP-403
Heard October 7, 2013 – Filed October 30, 2013

**AFFIRMED**

Deputy Chief Appellate Defender Wanda H. Carter, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Mark Reynolds Farthing, both of Columbia, for Respondent.

**PER CURIAM:**  Kerwin Parker was convicted of assault and battery with intent to kill (ABWIK) and the possession of a firearm during the commission of a violent crime.  He appeals, arguing the trial court erred in instructing the jury with

regard to the ABWIK charge that an implication of malice may arise from the use of a deadly weapon. Parker contends the jury instruction was confusing and prejudicial in light of evidence that clearly reduced, mitigated, excused, or justified his actions.

We affirm pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Belcher*, 385 S.C. 597, 612, 685 S.E.2d 802, 810 (2009) (providing the *Belcher* court's "ruling is effective in this case and for all cases which are pending on direct review or not yet final *where the issue is preserved*" (emphasis added)); *State v. Price*, 400 S.C. 110, 113-14, 732 S.E.2d 652, 653 (Ct. App. 2012) (recognizing an appellate court will "resolve the issue on preservation grounds when it clearly is unpreserved" (quoting *Atl. Coast Builders & Contractors, LLC v. Lewis*, 398 S.C. 323, 330, 730 S.E.2d 282, 285 (2012))); Rule 20(b), SCRCrimP ("Notwithstanding any request for legal instructions, the parties shall be given the opportunity to object to the giving or failure to give an instruction before the jury retires, but out of the hearing of the jury. . . . Failure to object in accordance with this rule shall constitute a waiver of objection."); *State v. Todd*, 264 S.C. 136, 139, 213 S.E.2d 99, 100 (1975) ("In cases too numerous to cite, . . . it has been held that the failure of a defendant to object to the charge as made or to request additional instructions, when the opportunity to do so is afforded, constitutes a waiver of any right to complain of errors in the charge."); *State v. Robinson*, 238 S.C. 140, 150, 119 S.E.2d 671, 676 (1961) (stating South Carolina does not permit a party disappointed by a verdict to employ a motion for a new trial to raise, for the first time, an error committed at trial (*overruled on other grounds by State v. Torrence*, 305 S.C. 45, 69 n.5, 406 S.E.2d 315, 328 n.5 (1991))).

**AFFIRMED.**

**SHORT and WILLIAMS, JJ., and CURETON, A.J., concur.**