21297

The **STATE**, Respondent, v Harry Allen **PLYLER**, Appellant.
(270 S. E. (2d) 126)

*G. Ross Anderson, Jr.,* of *Anderson & Epps,* Anderson, *for appellant.*

*Asst. Attys. Gen. Brian P. Gibbes* and *Sally G. Young,* Columbia, and *Sol. L. Henry Raines,* Anderson, *for respondent.*

September 8, 1980.

Lewis, Chief Justice:

The appellant was found guilty of murder and sentenced to life imprisonment. His appeal alleges numerous trial errors. We affirm. The facts are primarily undisputed.

On the night in question, appellant's ex-wife and the victim, her sister, left their mutual place of employment and by separate cars traveled to their mother's home. After a brief visit, the victim proceeded home, which was only a short distance away. The ex-wife then telephoned her sister. The victim was alone at the time of this conversation. During the conversation, the victim excused herself to answer a knock at the door. Because the receiver of the phone was placed on the couch approximately sixteen feet from the front door, the ex-wife overheard the resulting conversation and recognized the voice of her former husband. Several gunshots were heard. The ex-wife rushed to her sister's residence and found her sister unconscious and shot several times. The victim never regained consciousness. The gun was never found.

A neighbor from across the street indicated that she observed a car stop in front of the victim's house. The passenger, whom she could identify only as wearing pants, exited the car and the vehicle left. The passenger trotted up to the front door and shortly thereafter, shots were heard. She then observed the passenger run away.

Initially, the appellant argues that the trial judge erred in admission of the ex-wife's recount of the conversation she overheard by virtue of the phone, because it constituted hearsay. We disagree.

The challenged evidence does not appear to have been offered for the substantive truth of the matter asserted, but rather to place appellant at the scene of the crime.

Since an early period, witnesses' testimony of identification of a person by having heard his voice has been regarded as legitimate and competent to establish identity in criminal and civil cases. 20 Am. Jur., Evidence, Section 351; See 29 Am. Jur. (2d), Evidence, Section 381.

As such, the evidence is not subject to hearsay objection. *State v. Rivers,* 186 S. C. 221, 196 S. E. 6. Sufficient testimony as to recognition of the voice was given to warrant

its admission. *Cohen v. Standard Accident Insurance Company,* 194 S. C. 533, 9 S. E. (2d) 222.

Regardless, the evidence is admissible for substantive proof. The witness identified the voice of the accused as a participant in the conversation. Because of this identification, the conversation falls within an exception to the hearsay rule. As a genearl rule, statements of declarations made by one accused of a crime are admissible against him. *State v. Pittman,* 137 S. C. 75, 92, 134 S. E. 514; 29 Am. Jur. (2d), Evidence, Section 611; *People v. Goodman,* 159 Cal. App. (2d) 323 P. (2d) 536.

After hearing the conversation and the ensuing shots, the ex-wife dropped the phone and exclaimed: "Harry (meaning the appellant) just shot Linda." Over objection, the trial judge allowed the ex-wife to testify as to this previous out-of-court declaration. Despite the appellant's contention otherwise, the judge's actions were proper.

While it is true such an admission is technically in violation of the traditional hearsay rule, we hold such evidence admissible. Because the declarant of the out-of-court assertions testified, the truth of the statements were not dependent on the credibility of individuals not present in the courtroom. Since the declarant was subjected to cross-examination, which is the very objective of the hearsay rule, exclusion of relevant evidence serves no purpose. See *Patterson v. State,* 263 Ind. 55, 324 N. E. (2d) 482; *State v. Huggins,* S. C., 269 S. E. (2d) 334, 1980.

The appellant also challenges as hearsay the admission of testimony of another witness present at the time which corroborates the aforementioned exclamation, and the testimony of the investigating officer who testified that the ex-wife had told him of her previous exclamation. We need not consider this contention since the statement was otherwise properly before the jury.

The prosecution elicited testimony concerning a verbal altercation between the victim and the appellant three days prior to the killing. In a non-responsive answer, the witness additionally indicated that there had been prior bad blood between the two. Upon objection and motion from defense counsel for a mistrial, the trial judge ordered the remark concerning bad blood stricken from the record and instructed the jury to disregard the comment. The motion for a mistrial was denied. The appellant now asserts these rulings were trial error and entitled him to relief. We do not agree.

Evidence of previous difficulties or ill feelings between the accused and the victim and of facts showing tht cause of such difficulties or ill will is admissible on the question of motives where there is some connection of cause and effect between the evidence and the crime. 40 C. J. S., Homicide, Section 228.

The challenged evidence tends to show motive on the part of the accused and is not so remote in time as to negate its probative value. As such, it is admissible as a circumstance bearing on the identity of the accused as the perpetrator of the crime. See *State v. Thomas,* 159 S. C. 76, 156 S. E. 169.

The defendant challenges the admission of testimony concerning a prior incident in which the defendant shot himself.

On direct examination, the appellant indicated that he did not have any pistols. After confirming his statement as to never having owned a pistol, the prosecution, in order to disprove the statement, sought to prove that during the previous year the appellant had shot himself. The trial judge allowed the evidence for the sole purpose of credibility. His actions were correct. The question related to the truthfulnesss and accuracy of the appellant's direct testimony and therefore, was proper on cross-examination.

Next, the appellant alleges as error, the trial judge's failure to instruct the jury on the principles governing their consideration of circumstantial evidence.

Prior to charging the jury, the appropriateness of a circumstantial evidence charge was discussed. Appellant's counsel indicated that although he would not request such a charge, he would object to the failure to so charge. The charge was not given and appellant's counsel objected.

It is highly questionable whether such action constitutes a sufficient request to charge so as to entitle the appellant to a scope of review commensurate with a request for a charge on circumstantial evidence. Regardless, we hold that appellant's contention is not meritorious even if his actions were construed as a request.

Essentially, the appellant argues that the identification of the appellant's voice over the telephone constitutes circumstantial evidence and thereby entitles him to an equivalent charge.

As previously indicated, voice identification is a legitimate and competent method to establish identification in criminal cases. While there is contrary authority, it appears to be the general rule, and we think the sound one, that voice identification is direct, not circumstantial evidence. *McInturf v. State,* Tex., 544 S. W. (2d) 417;Anno. 70 A. L. R. (2d) 995. 1011.

This direct evidence placing the defendant at the scene of the crime coupled with the direct evidence that, with the exception of the victim, he was alone, is sufficient direct evidence. Under these circumstances, the judge's refusal to charge did not constitute an abuse of discretion.

The trial judge included a charge to the jury on manslaughter. Appellant was convicted of murder. On appeal, the appellant asserts such a charge constitutes reversible error. We disagree.

We find sufficient evidence in the record from which the jury could infer the killing resulted from a sudden heat of passion. There is no claim that the instructions on manslaughter were erroneous. It is only asserted that the charge

on manslaughter should not have been given because there was no evidence to sustain the charge. The conviction for murder renders this alleged error immaterial.

Error is also assigned in the rulings of the trial judge relative to the request of the jury to review the testimony of a witness. The jury requested the testimony of the ex-wife be read back to them. The tape was replayed, and upon the conclusion of the direct testimony, the foreman informed the court that the jury had heard all they desired. The tape was stopped and the jury returned to their deliberations. The judge denied the appellant's motion that the jury be required to also hear the cross-examination to prevent overemphasis of the portion reheard. Appellant contends this was error.

The trial judge, in his discretion, may permit the jury at their request to review, in the defendant's presence, testimony after beginning their deliberations. The extent of such review is within the discretion of the trial judge to be exercised in the light of the jury's request. The court is not required to submit evidence to the jury for review beyond that specifically requested but may, in its discretion, have the jury review other evidence relating to the same factual issue so as not to give undue prominence to the evidence requested.

We find no abuse of discretion in the refusal of the trial judge to require a review of all of the testimony of the witness in this case.

The remainder of appellant's exceptions are dismissed under Rule 23 as we note no error of law and a full opinion on those issues would have no precedential value.

Judgment affirmed.

LITTLEJOHN, NESS, GREGORY and HARWELL, JJ., concur.