No. 83–6567. ARNOLD *v.* SOUTH CAROLINA; and
No. 83–6575. PLATH *v.* SOUTH CAROLINA. Sup. Ct. S. C. Certiorari denied. Reported below: 281 S. C. 1, 313 S. E. 2d 619.

JUSTICE MARSHALL, with whom JUSTICE BRENNAN joins, dissenting.

Petitioners were convicted of murder and sentenced to death. On appeal, the convictions were affirmed but the sentences were reversed due to an improper argument the prosecution made to the jury at the sentencing hearing. 277 S. C. 126, 284 S. E. 2d 221 (1981). On remand, petitioners were again sentenced to death. They challenge that sentence on the ground that the trial court erred by allowing the jury to view the site of the murder without the presence of either the defense or the prosecution attorneys and also by making no arrangements to record what transpired at the jury-viewing. Petitioners claim that the trial court's action denied them their right under the Sixth and Fourteenth Amendments to effective assistance of counsel. *Gideon* v. *Wainwright,* 372 U. S. 335 (1963).

In rejecting petitioners' claim, the Supreme Court of South Carolina principally relied upon *Snyder* v. *Massachusetts,* 291 U. S. 97 (1934).\* In *Snyder* this Court held that the Due Process Clause of the Fourteenth Amendment was not violated by excluding a defendant from an on-site inspection by a jury. *Snyder,* however, is inapposite to the case at bar. First, *Snyder* involved whether a *defendant* had the right to be present at an on-site inspection by a jury. Here, the issue is whether a defendant had the right to have his *attorney* present at such a viewing. Second, and more importantly, in *Snyder* the defendant's attorney was present and participated, along with the prosecutor, in directing the jury's attention to various aspects of the location under inspection by the jury. *Id.,* at 103–104. Here, all attorneys were excluded. Third, in *Snyder,* "everything that was said or done was taken by the stenographer and made part of the record of the trial." *Id.,* at 123–124 (Roberts, J., dissenting). Here, no record

---

\*The State claims that petitioners' attorneys failed properly to object at trial to their exclusion from the jury inspection. Although petitioners' attorneys do appear to have adequately objected, the South Carolina Supreme Court's ruling on the merits of the federal constitutional issue posed by petitioners removes any procedural bar that might have existed even if counsel had failed to object. See, *e. g., Beecher* v. *Alabama,* 389 U. S. 35, 37, n. 3 (1967) (ruling by state court on merits of federal constitutional issue preserves issue for federal appellate review); *Indiana ex rel. Anderson* v. *Brand,* 303 U. S. 95, 98 (1938).

was made of what transpired at the inspection. The importance of a record is clearly indicated in that portion of the *Snyder* opinion in which the Court criticized the trial judge for having made an improper comment to the jury during the inspection. *Id.*, at 118. Although this Court excused the trial judge's impropriety as harmless, the pertinent point is that the Court was at least able in *Snyder* to detect the trial judge's error and measure its severity. By contrast, in this case the trial court's failure to preserve a record has effectively nullified any sort of informed appellate review of the jury inspection.

It is doubtful, then, whether the trial court's actions in this case would even have satisfied the standards prevailing at the time of *Snyder*, over 50 years ago. Far more doubtful is whether the trial court's neglectful failures can satisfy present constitutional standards. By excluding petitioners' attorneys from the jury inspection, the trial court violated petitioners' right to counsel at every critical stage of the proceedings against them. See, *e. g.*, *Estelle* v. *Smith*, 451 U. S. 454 (1981) (pretrial psychiatric examination); *Mempa* v. *Rhay*, 389 U. S. 128 (1967) (sentencing); *United States* v. *Wade*, 388 U. S. 218 (1967) (pretrial identification procedure). Furthermore, the trial judge's failure to keep a record of the jury inspection contravenes this Court's insistence that the unique nature of the death penalty demands uniquely stringent policing of the factfinding process. See *Beck* v. *Alabama*, 447 U. S. 625 (1980); *Godfrey* v. *Georgia*, 446 U. S. 420 (1980); *Woodson* v. *North Carolina*, 428 U. S. 280 (1976).

Because petitioners have raised substantial federal constitutional issues that take on added urgency in light of the death sentences pending against them, I dissent from the Court's denial of certiorari.