503 S.E.2d 164

**John Henry SIMMONS, Jr., Petitioner,**

v.

**STATE of South Carolina, Respondent.**

No. 24795.

Supreme Court of South Carolina.

Submitted April 22, 1998.

Decided June 1, 1998.

334

Assistant Appellate Defender Tara S. Taggart and Assistant Appellate Defender Lesley M. Coggiola, both of the South Carolina Office of Appellate Defense, Columbia, for petitioner.

Attorney General Charles Molony Condon, Deputy Attorney General John W. McIntosh, and Assistant Deputy Attorney General Teresa A. Knox, Columbia, for respondent.

BURNETT, Justice:

This Court granted certiorari to review the denial of petitioner's application for post-conviction relief (PCR). We reverse.

## *FACTS*

Petitioner was convicted of first degree burglary and two counts of assault and battery of a high and aggravated nature (ABHAN). The jury did not recommend mercy on the burgla-

ry .charge,[1] and petitioner was sentenced to life imprisonment for the burglary and ten years imprisonment for each ABHAN. His convictions and sentences were affirmed on direct appeal. *State v. Simmons,* Op. No. 87–MO–276 (S.C.Sup.Ct. filed June 8, 1987).

Petitioner filed an application for PCR alleging ineffective assistance of counsel. At the PCR hearing, petitioner specifically claimed trial counsel was ineffective for failing to object to and move for a mistrial because of improper and inflammatory jury arguments by the solicitor and the solicitor's jury argument of matters outside the record.

The solicitor made the following comments during his closing argument:

He might have had plans to case that house, get an idea everything that was there and was going to take it on the way out. He had something else in mind. He had something evil on his mind. He went in, it was obvious the people were upstairs. He knew exactly what he wanted. He saw Mrs. Lewis sleeping in her bed in the darkness, exactly what he wanted. . . .

That is the form of the verdict in a burglary case, everybody knows, realize in a criminal case there is just two verdicts: guilty or not guilty. In burglary, it is a little bit different. There is what they call special verdicts. You have two forms of guilty in a burglary case. One is guilty and the other is guilty with a recommendation for mercy. The difference between the two is the basis for sentencing. They say that for a guilty burglary without a recommendation for mercy, that carries a life sentence. Why do they call it a life sentence, when it is not the entire natural life of a person. Not that. It is a heavier sentence than recommendation for mercy. That is the basic difference. Guilty with mercy carries a lighter sentence. . . .

The real choice in this case is going to be do we find him guilty of burglary or do we recommend mercy? . . .

---

**1.** Petitioner committed the crimes prior to the amendment of the burglary statute which eliminated the provision that absent a recommendation of mercy by the jury, the sentence for burglary was a mandatory term of life imprisonment. *Compare* S.C.Code Ann. § 16–11–310 (1985) *with* S.C.Code Ann. § 16–11–311 (Supp.1997).

Which are you going to apply for our home, the New York standard or the South Carolina standard? In New York, just a burglary, so what, give him mercy. South Carolina the standard should be clear.

Trial counsel failed to object to any of these statements. During the PCR hearing, trial counsel offered no reason for his failure to object, although trial counsel admitted he probably should have objected to some of the statements because the solicitor misstated the law.

The PCR judge found the statements, while perhaps improper, harmless when considered in the context of the whole trial because "there was enough evidence in the record to convict the [petitioner], thereby providing a reasonable probability that the jury verdict would not have been different absent the solicitor's statements." According to the PCR judge, the trial judge adequately cured any prejudice created by the solicitor's statement regarding a life sentence not being a full natural life by explaining to the jury that the trial judge was responsible for sentencing. Further, the PCR judge found the "real choice" argument and the "New York" argument, when read in context, were merely informational and not prejudicial. The PCR judge failed to rule on the statements concerning petitioner's intent to rape Mrs. Lewis which petitioner claimed was improper because no facts in the record supported this argument.

## ISSUE

Did the PCR judge err in failing to find trial counsel ineffective for failing to object to portions of the solicitor's closing statement?

## DISCUSSION

Petitioner contends the PCR judge erred in failing to find trial counsel was ineffective for failing to object to the portions of the solicitor's closing argument concerning the meaning of a life sentence and the "real choice" available to the jury. We agree.

█ The burden is on the applicant in a post-conviction proceeding to prove the allegations in his application. *Butler*

*v. State,* 286 S.C. 441, 334 S.E.2d 813 (1985), *cert. denied,* 474 U.S. 1094, 106 S.Ct. 869, 88 L.Ed.2d 908 (1986). As to allegations of ineffective assistance of counsel, the applicant must show his counsel's performance fell below an objective standard of reasonableness, and but for counsel's errors, there is a reasonable probability the result at trial would have been different. *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Johnson v. State,* 325 S.C. 182, 480 S.E.2d 733 (1997). A reasonable probability is a probability sufficient to undermine confidence in the outcome of the trial. *Johnson v. State, supra.*

 A solicitor's closing argument must not appeal to the personal biases of the jurors nor be calculated to arouse the jurors' passions or prejudices, and its content should stay within the record and reasonable inferences to it. *State v. Copeland,* 321 S.C. 318, 468 S.E.2d 620 (1996). Improper comments do not automatically require reversal if they are not prejudicial to the defendant. *Johnson v. State, supra;* 3 *Wharton's Criminal Procedure* § 353 (13th ed. 1991) (question is whether comment was sufficiently prejudicial or harmless). On appeal, the appellate court will view the alleged impropriety of the solicitor's argument in the context of the entire record, including whether the trial judge's instructions adequately cured the improper argument and whether there is overwhelming evidence of the defendant's guilt. *Johnson v. State, supra* (a solicitor's improper comments may be cured by the judge's instructions to the jury); *State v. Copeland, supra; United States v. Wilson,* 135 F.3d 291 (4th Cir.1998). The appellant has the burden of proving he did not receive a fair trial because of the alleged improper argument. *Johnson v. State, supra; State v. Copeland, supra.* The relevant question is whether the solicitor's comments so infected the trial with unfairness as to make the resulting conviction a denial of due process. *Donnelly v. DeChristoforo,* 416 U.S. 637, 94 S.Ct. 1868, 40 L.Ed.2d 431 (1974); *State v. Patterson,* 324 S.C. 5, 482 S.E.2d 760, *cert. denied,* —— U.S. ——, 118 S.Ct. 146, 139 L.Ed.2d 92 (1997).

 The solicitor misstated the law in his closing argument by improperly injecting parole considerations into the jury's sentencing decision and equating a finding of guilty with a

recommendation of mercy with a much lighter sentence or an acquittal. *See State v. Brooks*, 271 S.C. 355, 247 S.E.2d 436 (1978) (a jury should not be invited nor permitted to speculate about the possible effects of parole upon a conviction). In *State v. Hinton*, 210 S.C. 480, 488, 43 S.E.2d 360, 363 (1947), this Court stated:

> Nor can we find any justification for the argument that if the defendants were found guilty of murder, but recommended to life imprisonment, that this would not necessarily mean that they would serve a life sentence.

> It would appear that the only logical inference to be drawn from such an argument is that, in a case like the one before us, all elements of mercy and extenuating circumstances should be put aside, even if present, because the only certainty of adequate punishment would be a sentence of guilty without recommendation to mercy. In other words, a verdict of murder should be rendered because some other department of the state government might shorten or commute a life sentence.

In *Hinton*, the Court found the solicitor's improper argument probably affected the verdict. Further, the instructions given by the trial judge to the jury to disregard the solicitor's improper comments did not cure the prejudice caused by these remarks; therefore, the defendant was entitled to a new trial. *Id. Compare with State v. Gilstrap*, 205 S.C. 412, 32 S.E.2d 163 (1944) (evidence of guilt was overwhelming and the instruction was adequate to cure the improper argument; thus, the defendant was not prejudiced).

■ Here, the trial judge's instructions to the jury did not correct the solicitor's misstatements concerning the consequences of the burglary conviction. The trial judge informed the jury that the sentencing responsibility was exclusively his, and he discussed the three forms of verdict available to the jury for the burglary charge. No explanation of the sentencing consequences for a verdict of guilty and for a verdict of guilty with a recommendation of mercy were provided to the jury. *See State v. Plath*, 277 S.C. 126, 284 S.E.2d 221 (1981), *appeal after remand*, 281 S.C. 1, 313 S.E.2d 619, *cert. denied by Arnold v. South Carolina*, 467 U.S. 1265, 104 S.Ct. 3560, 82 L.Ed.2d 862 (1984), *overruled on other grounds by State v.*

*Collins,* 329 S.C. 23, 495 S.E.2d 202 (1998) (any prejudice from reference to parole in argument was cured by trial judge's jury instruction); *State v. McGee,* 268 S.C. 618, 235 S.E.2d 715 (1977) (where the right to fix the punishment or make a recommendation with regard to punishment rests with the jury, the consequences of a conviction should be provided to the jury). Thus, no jury instructions cured the solicitor's improper argument.

The evidence of petitioner's guilt is overwhelming.[2] However, because the issue is whether the solicitor's improper argument prevented the jury from fairly considering the guilty with a recommendation of mercy verdict, the overwhelming evidence of petitioner's guilt does not eliminate the reasonable probability that the result of the trial would have been different had trial counsel objected to portions of the solicitor's closing argument. *See State v. McGee,* 268 S.C. 618, 235 S.E.2d 715 (1977) (where this Court found the trial judge erred by refusing to instruct the jury as to the penalty for the crime of burglary and by preventing the jury from determining, as the statute requires, whether to recommend mercy, and further finding this type of error could not be considered harmless because the recommendation of the jury is an important part of the verdict and without proper instructions, the probability of prejudice is great); *see also State v. White,* 246 S.C. 502, 144 S.E.2d 481 (1965) (finding where the jury had absolute discretion with regard to the issue of mercy, it was impossible to determine whether the solicitor's improper argument actually prejudiced defendant; however, the probability of prejudice was great, and defendant was entitled to a new trial).

---

2. Mrs. Lewis testified she got a good look at the intruder and gave a complete description to the police. Mrs. Lewis positively identified petitioner as the intruder at a subsequent photographic lineup and again at trial. Mr. Lewis was able to stab the intruder in the chest prior to the intruder's escape. Police were notified that someone had called for an ambulance from 4106 Glendon Street in Richland County, but later canceled the request. A police officer investigated the call by going to the address. The police officer found petitioner at that address and he had a fresh wound to the center of his chest. Bloody clothing was found at the address. Further, a shoe tassel matching the one found at the victims' residence belonged to petitioner.

The solicitor's improper comments prevented petitioner from having the jury fairly consider the possible sentencing alternatives. Further, the jury instructions failed to cure the prejudice caused by these comments. Thus, because the probability for prejudice is great, we grant petitioner a new trial on the burglary charge. *See Chubb v. State*, 303 S.C. 395, 401 S.E.2d 159 (1991) (holding because determination of guilt and whether mercy should be recommended should be made in one proceeding by the same jury, petitioner is entitled to a new trial on the burglary charge).

As to the portion of the closing argument concerning petitioner's intent to rape Mrs. Lewis, which petitioner claims was improper because no facts in the record supported this argument, the failure of trial counsel to object was not ruled on by the PCR judge and, accordingly, is not preserved for review.[3] *Plyler v. State*, 309 S.C. 408, 424 S.E.2d 477 (1992).

As to the "New York" comments, we find, within the context of the whole record, they were not improper.

**REVERSED.**

---

**3.** On the merits, it is a close question whether the solicitor went outside the record by inferring the crime petitioner intended to commit was rape. *State v. Huggins*, 325 S.C. 103, 481 S.E.2d 114 (1997) (arguments must be confined to evidence in the record and reasonable inferences therefrom, although a failure to do so will not automatically result in reversal); *State v. Tucker*, 324 S.C. 155, 478 S.E.2d 260 (1996), *cert. denied*, —— U.S. ——, 117 S.Ct. 1561, 137 L.Ed.2d 708 (1997) (closing arguments must be confined to the evidence in the record and its reasonable inferences). However, even if the remarks were improper, they did not prejudice petitioner's right to a fair trial because the evidence against petitioner on the burglary charge was overwhelming. *State v. Huggins, supra* (a new trial will not be granted unless the prosecutor's comments so infected the trial with unfairness as to make the resulting conviction a denial of due process); *see also Darden v. Wainwright*, 477 U.S. 168, 106 S.Ct. 2464, 91 L.Ed.2d 144 (1986); *State v. Tucker, supra* (the burden of proof is on appellant to show prejudice as a result of the solicitor's improper comments); *State v. Copeland, supra* (a reviewing court will view the alleged improper remark in the context of the entire record). Thus, in our opinion, these comments did not affect the outcome of the trial. *Compare with United States v. Wilson*, 135 F.3d 291 (4th Cir.1998) (prosecutor's improper argument that defendant murdered someone prejudiced defendant because no evidence of death was introduced, defendant was on trial for drug offenses and not for the murder, and the murder argument was emphasized in prosecutor's comments).

FINNEY, C.J., TOAL and MOORE, JJ., concur.

WALLER, J., not participating.