THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 v.
 Anthony Fields, Appellant.
 
 
 

Appeal From Richland County
  James W. Johnson, Jr., Circuit Court
Judge

Unpublished Opinion No. 2009-UP-263
Submitted May 1, 2009  Filed June 2, 2009    

AFFIRMED

 
 
 
 Appellate Defender Eleanor Duffy Cleary, of Columbia, for
 Appellant.
 Attorney General Henry Dargan McMaster, Chief Deputy Attorney
 General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, Assistant
 Attorney General Deborah R. J. Shupe, and Solicitor Warren Blair Giese, all of
 Columbia, for Respondent.
 
 
 

PER CURIAM: 
 Anthony Fields appeals his convictions for first-degree burglary and petit
 larceny.  Fields argues he was denied due
 process of law when the solicitor, in her opening statement, questioned Fields'
 decision to go to trial given the evidence.  However, he has not shown that,
 under the circumstances, this single remark so infected the trial with
 unfairness as to make the resulting conviction a denial of due process.  Prior
 to opening statements and after closing statements, the trial court instructed
 the State bore the burden of proof.  Furthermore, the State presented strong
 evidence in the form of Fields' confession and matching DNA and fingerprints.  We affirm[1] pursuant to the following authorities:  State v. Reese, 370 S.C. 31, 38,
 633 S.E.2d 898, 901-02 (2006) ("In order to constitute reversible error,
 it must be shown that the argument so infected the trial with unfairness
 as to make the resulting conviction a denial of due process."); Simmons
 v. State, 331 S.C. 333, 338, 503 S.E.2d 164, 166 (1998) ("On appeal,
 the appellate court will view the alleged impropriety of the solicitor's
 argument in the context of the entire record . . . . "). 
AFFIRMED.
HUFF, PIEPER, and GEATHERS, JJ., concur.

[1] We decide this case without oral argument pursuant to
Rule 215, SCACR.