**L. THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Derringer L. Young, Appellant.

Appellate Case No. 2011-195446

Appeal From Charleston County
Kristi Lea Harrington, Circuit Court Judge

Unpublished Opinion No. 2014-UP-088
Submitted December 1, 2013 – Filed March 5, 2014

**AFFIRMED**

Appellate Defender Susan Barber Hackett, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Chief Deputy Attorney General John W. McIntosh, Senior Assistant Deputy Attorney General Donald J. Zelenka, and Assistant Attorney General J. Anthony Mabry, all of Columbia; and Solicitor Scarlett Anne Wilson, of Charleston, for Respondent.

**PER CURIAM:** Derringer Young appeals his convictions for assault and battery with intent to kill and murder, arguing the trial court erred in (1) refusing to declare a mistrial after the State made comments during its closing argument that suggested Young intimidated witnesses and (2) admitting expert testimony on tool-mark identification that was based on unreliable science. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to whether the trial court erred in refusing to declare a mistrial: *State v. Bantan*, 387 S.C. 412, 417, 692 S.E.2d 201, 203 (Ct. App. 2010) ("The decision to grant or deny a mistrial is within the sound discretion of the trial court and will not be overturned on appeal absent an abuse of discretion amounting to an error of law."); *id.* ("A mistrial should be granted only when absolutely necessary and a defendant must show both error and resulting prejudice to be entitled to a mistrial."); *id.* at 417, 692 S.E.2d at 203-04 ("The trial court should exhaust other methods to cure possible prejudice before aborting a trial."); *Simmons v. State*, 331 S.C. 333, 338, 503 S.E.2d 164, 166 (1998) ("[The State's] closing argument must not appeal to the personal biases of the jurors nor be calculated to arouse the jurors' passions or prejudices, and its content should stay within the record and reasonable inferences to it."); *id.* ("Improper comments do not automatically require reversal if they are not prejudicial to the defendant."); *id.* ("On appeal, the appellate court will view the alleged impropriety of the [State's] argument in the context of the entire record, including whether the trial [court's] instructions adequately cured the improper argument and whether there is overwhelming evidence of the defendant's guilt."); *State v. Webb*, 389 S.C. 174, 182, 697 S.E.2d 662, 666 (Ct. App. 2010) (stating an error during the State's closing argument is harmless when the State presents overwhelming evidence of the defendant's guilt).

2. As to whether the trial court erred in admitting tool-mark identification testimony: *State v. White*, 382 S.C. 265, 269, 676 S.E.2d 684, 686 (2009) ("A trial court's decision to admit or exclude expert testimony will not be reversed absent a prejudicial abuse of discretion."); *State v. Jones*, 343 S.C. 562, 573, 541 S.E.2d 813, 819 (2001) (stating to evaluate the reliability of scientific testimony, a trial court must consider the following factors: "(1) the publications and peer reviews of the technique; (2) prior application of the method to the type of evidence involved in the case; (3) the quality control procedures used to ensure reliability; and (4) the consistency of the method with recognized scientific laws and procedures"); *State v. Council*, 335 S.C. 1, 21, 515 S.E.2d 508, 518 (1999) (holding a trial court properly admitted mitochondrial DNA analysis using the *Jones* factors because the analysis was subjected to peer review, the FBI laboratory validated the process, its

underlying science was generally accepted in the scientific community, and the technology had been used in other contexts for many years).

**AFFIRMED.**[1]

**FEW, C.J., and SHORT and KONDUROS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.