**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Dorothy Harden, Petitioner,

v.

State of South Carolina, Respondent.

Appellate Case No. 2012-208629

---

Appeal From Richland County
Gary E. Clary, Circuit Court Judge
Alison Renee Lee, Post-Conviction Relief Judge

---

Unpublished Opinion No. 2014-UP-297
Submitted June 1, 2014 – Filed July 23, 2014

---

**AFFIRMED**

---

Appellate Defender Wanda H. Carter, of Columbia, for Petitioner.

Attorney General Alan McCrory Wilson and Assistant Attorney General Robert Daniel Corney, both of Columbia, for Respondent.

---

**PER CURIAM:** Petitioner seeks a writ of certiorari from the denial of her application for post-conviction relief (PCR).

Because there is sufficient evidence to support the PCR court's finding that Petitioner did not knowingly and intelligently waive her right to a direct appeal, we grant certiorari and proceed with a review of the direct appeal issue pursuant to *Davis v. State*, 288 S.C. 290, 342 S.E.2d 60 (1986).

On appeal, Petitioner asserts the trial court erred in admitting voice identification testimony from three police officers because its prejudicial suggestion that she possessed a criminal character outweighed the probative value of the testimony. We affirm[1] pursuant to Rule 220(b), SCACR, and the following authorities:    *State v. Douglas*, 369 S.C. 424, 429, 632 S.E.2d 845, 847-48 (2006) ("The admission or exclusion of evidence is a matter addressed to the sound discretion of the trial court and its ruling will not be disturbed in the absence of a manifest abuse of discretion accompanied by probable prejudice."); *State v. Adams,* 354 S.C. 361, 378, 580 S.E.2d 785, 794 (Ct. App. 2003) ("A trial [court's] decision regarding the comparative probative value and prejudicial effect of evidence should be reversed only in exceptional circumstances."); *State v. Plyler*, 275 S.C. 291, 297, 270 S.E.2d 126, 129 (1980) ("[V]oice identification is a legitimate and competent method to establish identification in criminal cases.").

**AFFIRMED.**

**HUFF, WILLIAMS, and THOMAS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.