**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Dushun Staten, Petitioner,

v.

State of South Carolina, Respondent.

Appellate Case No. 2011-187273

---

**ON WRIT OF CERTIORARI**

---

Appeal From Richland County
L. Henry McKellar, Trial Court Judge
L. Casey Manning, Post-Conviction Relief Judge

---

Unpublished Opinion No. 2015-UP-465
Heard April 13, 2015 – Filed September 30, 2015

---

**AFFIRMED**

---

Jeremy Adam Thompson, of Law Office of Jeremy A. Thompson, LLC, of Columbia, for Petitioner.

Attorney General Alan McCrory Wilson and Assistant Attorney General James Clayton Mitchell, III, of Columbia, for Respondent.

PER CURIAM: Dushun Staten was convicted of murder and first-degree lynching.  He appeals from the denial and dismissal of his application for post-conviction relief (PCR), arguing his trial counsel was ineffective for failing to object to (1) testimony that he pointed a gun at the victim in the days prior to the murder as improper prior bad act evidence, and (2) the State's improper closing argument.  We affirm.

## FACTS

The victim in this case was shot and killed in a parking lot on Monday, January 15, 2001.  Witnesses stated that on the day of the shooting, Petitioner retrieved a gun from a car and handed it to the shooter, who wore a black Northface jacket.[1] Multiple witnesses also testified that on the Friday before the shooting they observed Petitioner and the victim get into an altercation concerning what color clothing each man wore.[2]  Andrew Britt, the victim's cousin and roommate, testified he and the victim had another altercation with Petitioner and Petitioner's brother on the Saturday before the murder.  Britt further testified that on the Sunday night before the murder, the victim came into Britt's room "hysterical" and "scared" and reported that the people they argued with on Saturday pulled a gun on him.  Trial counsel objected based on hearsay, but the objection was overruled after the State laid the necessary foundation concerning the victim's demeanor to show the statement was an excited utterance.  During cross-examination, Britt clarified that the victim said Petitioner pulled a gun on him.

---

[1] The man in the black jacket was identified as Limel Sims, and at trial, an investigator testified Sims was wanted for murder.

[2] Petitioner was reputedly a member of the Bloods street gang, while the victim was reputedly a member of the Crips street gang.

During closing arguments, the State attempted to discredit trial counsel's theory that a man named Maurice Sanders was the shooter and that Sanders acted alone. The State argued three witnesses identified the shooter as the man who wore the black Northface jacket, and two witnesses testified Sanders and a man named Shakeem Wilson were "hanging back" from the fatal argument. The State asserted, "They were hanging back. That's why they're not charged with murder but accessory after the fact based on evidence that you all didn't hear about because it's not relevant to this case, certain things are done after the fact that you didn't hear about because it's not relevant."

During the PCR hearing, trial counsel admitted he did not consider making a prior bad acts objection to Britt's testimony because he felt the evidence was related to the case and would have shown "motive or a willingness to do something or a state of mind." Concerning the comments from the State's closing argument, trial counsel testified he saw no reason to object because he felt the information referenced by the State came out during trial and it was not apparent who the word "they" referenced. Trial counsel also stated he was hesitant to object during a closing argument for fear the other attorney would "have you eat your words and watch him stuff it right down you."

## STANDARD OF REVIEW

"In a PCR proceeding, the burden is on the applicant to prove the allegations in his application." *Ard v. Catoe*, 372 S.C. 318, 331, 642 S.E.2d 590, 596 (2007). "Any evidence of probative value to support the PCR court's factual findings is sufficient to uphold those findings on appeal." *Lee v. State*, 396 S.C. 314, 320, 721 S.E.2d 442, 446 (Ct. App. 2011). Thus, "[an appellate court] gives great deference to the PCR court's findings of fact and conclusions of law." *Porter v. State*, 368 S.C. 378, 383, 629 S.E.2d 353, 356 (2006). "If matters of credibility are involved, then this court gives deference to the PCR court's findings because this court lacks the opportunity to directly observe the witnesses." *Lee*, 396 S.C. at 319, 721 S.E.2d at 445.

Trial counsel must provide "reasonably effective assistance" under "prevailing professional norms." *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). Reviewing courts presume counsel was effective. *Id.* at 690. Therefore, to receive relief, the applicant must show (1) counsel departed from professional norms (2) resulting in prejudice. *Id.* at 691-92. Prejudice is defined as a reasonable

probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* "Failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim." *Id.* at 700.

## LAW/ANALYSIS

Staten argues his trial counsel was ineffective for failing to object to testimony that he pointed a gun at the victim in the days prior to the murder as improper prior bad act evidence. We disagree. We find trial counsel was not deficient in failing to make a prior bad acts objection because Britt's testimony about the gun-pointing incident was admissible under Rule 404(b), SCRE, to show Petitioner's motive or intent. *See* Rule 404(b), SCRE ("Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible to show motive, identity, the existence of a common scheme or plan, the absence of mistake or accident, or intent."); *see also Blakely v. State*, 360 S.C. 636, 639, 602 S.E.2d 758, 759 (2004) (holding evidence of prior threats against a defendant's girlfriend was admissible to show intent); *State v. Atkins*, 303 S.C. 214, 220, 399 S.E.2d 760, 763 (1990) (finding evidence of a defendant's prior difficulties with a victim's family concerning racial differences was relevant to prove motive); *State v. Plyler*, 275 S.C. 291, 296, 270 S.E.2d 126, 128 (1980) (holding evidence of a verbal argument between the defendant and victim that occurred three days before the murder was admissible to show motive). Additionally, we find the testimony's probative value was not substantially outweighed by the danger of unfair prejudice because the incident occurred on the day before the shooting and showed the escalating nature of the confrontations between Petitioner and the victim. *See* Rule 403, SCRE ("Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."); *State v. Sweat*, 362 S.C. 117, 132, 606 S.E.2d 508, 516 (Ct. App. 2004) ("The determination of prejudice depends upon the unique circumstances of each case.").

To the extent Petitioner argues under *State v. Taylor* that the details of the gun-pointing incident were inadmissible, we note that Britt did not testify about additional details of the incident. *See* 333 S.C. 159, 168, 508 S.E.2d 870, 874

(1998) (holding a trial court properly admitted a husband's testimony about a prior incident when his wife struck him on the head with a beer bottle but properly excluded the specifics of the incident). Accordingly, we find trial counsel was not deficient for failing to make a prior bad acts objection to Britt's testimony. *See Strickland*, 466 U.S. at 700 ("Failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim.").

Staten also argues his trial counsel was ineffective for failing to object to the State's improper closing argument. We find the State's comments were improper and trial counsel was deficient in failing to object. Specifically, the State referenced "evidence that [the jury] didn't hear about" to explain why Sanders and Wilson were not charged with murder, improperly suggesting the State had other evidence at its disposal that exonerated the pair of murder. *See Simmons v. State*, 331 S.C. 333, 338, 503 S.E.2d 164, 166 (1998) (stating the State's closing argument and its content should stay within the record and reasonable inferences to it); *State v. Shuler*, 344 S.C. 604, 630, 545 S.E.2d 805, 818 (2001) ("Vouching occurs when a prosecutor implies he has facts that are not before the jury for their consideration.").

However, given the record as a whole, we find there was not a reasonable probability that but for trial counsel's failure to object to the State's comments, the result of the trial would have been different. *See Strickland*, 466 U.S. at 694 (defining prejudice in the context of a PCR claim as a reasonable probability that but for trial counsel's errors the result of the proceeding would have been different). Specifically, we do not believe the comments were such that they infected the trial with unfairness. *See Simmons*, 331 S.C. at 338, 503 S.E.2d at 166 ("Improper comments do not automatically require reversal if they are not prejudicial to the defendant."); *id.* at 338, 503 S.E.2d at 166-67 ("The relevant question is whether the [State's] comments so infected the trial with unfairness as to make the resulting conviction a denial of due process."). Notably, the State did not repeat the comments, and the comments occurred during a lengthy closing argument that spanned fifty-seven pages of the record. *See Brown v. State*, 383 S.C. 506, 517, 680 S.E.2d 909, 915 (2009) (holding the State's improper argument did not infect the trial with unfairness and result in prejudice when the argument "came at the very end of [its] closing argument and [was] limited in duration"). Therefore, we hold Petitioner has not demonstrated trial counsel was ineffective with regards to this issue. *See Strickland*, 466 U.S. at 700 ("Failure to make the

required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim.").

**CONCLUSION**

Accordingly, the circuit court's dismissal of Petitioner's application for post-conviction relief is

**AFFIRMED.**

**SHORT, LOCKEMY, and MCDONALD, JJ., concur.**