**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Darrell Efird, Petitioner,

v.

State of South Carolina, Respondent.

Appellate Case No. 2010-178866

---

**ON WRIT OF CERTIORARI**

---

Appeal From York County
John C. Hayes, III, Circuit Court Judge

---

Unpublished Opinion No. 2016-UP-395
Submitted June 1, 2016 – Filed August 3, 2016

---

**AFFIRMED**

---

Appellate Defender Wanda H. Carter, of Columbia, for Petitioner.

Attorney General Alan McCrory Wilson, Chief Deputy Attorney General John W. McIntosh, Assistant Attorney General James Rutledge Johnson, and Assistant Attorney

General Justin James Hunter, all of Columbia, for Respondent.

_____

**PER CURIAM:**  Darrell Efird was convicted of second-degree criminal sexual conduct (CSC), two counts of second-degree CSC with a minor, assault and battery of a high and aggravated nature, and incest.  Efird filed a direct appeal, which this court affirmed in an unpublished opinion.[1]  Efird then filed an application for post-conviction relief (PCR), which was dismissed by the PCR court.  This court granted Efird's petition for a writ of certiorari on two of his issues and denied certiorari as to his remaining issues.  Efird now argues the PCR court erred in finding his counsel was not ineffective for failing to object (1) to improper comments and arguments in the State's closing argument, and (2) when the State's expert witness gave arguably improper corroboration testimony.

We affirm pursuant to Rule 220(b), SCACR, and the following authorities: *Brown v. State*, 383 S.C. 506, 516, 680 S.E.2d 909, 914-15 (2009) ("On appeal, the appellate court will view the alleged impropriety of the solicitor's argument in the context of the entire record, including whether the trial [court's] instructions adequately cured the improper argument and whether there is overwhelming evidence of the defendant's guilt." (quoting *Simmons v. State*, 331 S.C. 333, 338, 503 S.E.2d 164, 166 (1998))); *id.* at 516, 680 S.E.2d at 915 ("Improper comments do not automatically require reversal if they are not prejudicial to the defendant, and the appellant has the burden of proving he did not receive a fair trial because of the alleged improper argument." (quoting *Humphries v. State*, 351 S.C. 362, 373, 570 S.E.2d 160, 166 (2002))); *id.* ("The relevant question is whether the solicitor's comments so infected the trial with unfairness as to make the resulting conviction a denial of due process." (quoting *Humphries*, 351 S.C. at 373, 570 S.E.2d at 166)); *Smith v. State*, 386 S.C. 562, 566, 689 S.E.2d 629, 631 (2010) ("[N]o prejudice occurs, despite trial counsel's deficient performance, where there is otherwise overwhelming evidence of the defendant's guilt."); *State v. Weaverling*, 337 S.C. 460, 474, 523 S.E.2d 787, 794 (Ct. App. 1999) ("Expert testimony concerning common behavioral characteristics of sexual assault victims and the range of responses to sexual assault encountered by experts is admissible."); *id.* at 475, 523 S.E.2d at 794 ("It [expert testimony] assists the jury in understanding some of the aspects of the behavior of victims and provides

_____

[1]  *State v. Efird*, Op. No. 2009-UP-248 (S.C. Ct. App. filed May 28, 2009).

insight into the sexually abused child's often strange demeanor."); *id.* ("There is no requirement the sexual assault victim be personally interviewed or examined by the expert before the expert can give behavioral evidence testimony."); *id.* ("The fact that the expert does not personally interview the victim bears on the weight of the behavioral evidence not on its admissibility."); *id.* at 474, 523 S.E.2d at 794 ("An expert may give an opinion based upon personal observations or in answer to a properly framed hypothetical question that is based on facts supported by the record." (quoting *State v. Evans*, 316 S.C. 303, 311, 450 S.E.2d 47, 52 (1994))).

**AFFIRMED.**[2]

**SHORT, WILLIAMS, and THOMAS, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.