**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Ivan Lamar Tyrell Harris, Appellant.

Appellate Case No. 2018-002089

Appeal From Greenwood County
William A. McKinnon, Circuit Court Judge

Unpublished Opinion No. 2021-UP-430
Submitted October 1, 2021 – Filed December 8, 2021

**AFFIRMED**

Appellate Defender Victor R. Seeger, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Senior Assistant Deputy Attorney General William M. Blitch, Jr., both of Columbia; and Solicitor David M. Stumbo, of Greenwood, all for Respondent.

**PER CURIAM:** Ivan Lamar Tyrell Harris appeals his conviction for distributing heroin and sentence of ten years' imprisonment. On appeal, Harris argues the trial

court erred when it replayed a witness's testimony and asserts replaying the testimony placed undue emphasis on that testimony.

1. We find Harris failed to preserve his argument because Harris did not object to the trial court's proposed response to the jury's question or to the response when given to the jury. *See State v. Rogers*, 361 S.C. 178, 183, 603 S.E.2d 910, 912-13 (Ct. App. 2004) ("There are four basic requirements to preserving issues at trial for appellate review. The issue must have been (1) raised to and ruled upon by the trial court, (2) raised by the appellant, (3) raised in a timely manner, and (4) raised to the trial court with sufficient specificity." (quoting Jean Hoefer Toal et al., *Appellate Practice in South Carolina* 57 (2d ed. 2002))); *State v. Rios*, 388 S.C. 335, 342, 696 S.E.2d 608, 612 (Ct. App. 2010) (recognizing "a party cannot acquiesce to an issue at trial and then complain on appeal").  Although Harris initially expressed hesitation regarding the trial court's proposed response, he ultimately acquiesced and did not object when the trial court responded to the jury. Therefore, we find he did not preserve this argument for appellate review.

2. We find the trial court acted within its discretion when it allowed the jury to rehear the testimony of a State's witness.  Following the jury's request to hear the portion of the witness's testimony regarding the weight of the heroin confiscated, the trial court replayed the testimony in its entirety to avoid emphasizing a specific portion of the testimony.  Therefore, we affirm pursuant to the following authorities: *State v. Plyler*, 275 S.C. 291, 298, 270 S.E.2d 126, 129 (1980) (stating the trial court, in its discretion, may permit the jurors to review testimony during their deliberations); *id.* (finding there was no abuse of discretion when only the direct examination was played and the trial judge declined to play the witness's cross-examination in order to prevent overemphasis of the portion replayed for the jury).

**AFFIRMED.**[1]

**LOCKEMY, C.J., and WILLIAMS and MCDONALD, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.