**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Calvin Eugene Whitener, Appellant.

Appellate Case No. 2021-001232

---

Appeal From Newberry County
Frank R. Addy, Jr., Circuit Court Judge

---

Unpublished Opinion No. 2024-UP-143
Submitted April 1, 2024 – Filed May 1, 2024

---

**AFFIRMED**

---

Dayne C. Phillips, of Price Benowitz LLP, of Columbia,
for Appellant.

Attorney General Alan McCrory Wilson and Assistant
Attorney General Ambree Michele Muller, both of
Columbia; and Solicitor David M. Stumbo, of Newberry,
all for Respondent.

---

**PER CURIAM:** Calvin Eugene Whitener appeals his conviction for trafficking
cocaine, 28 grams or more, but less than 100 grams, first offense, and his sentence
of twenty-five years' imprisonment. On appeal, Whitener argues the trial court

erred in (1) admitting the drugs found in his pants following a pat down search, (2) admitting a statement he made to the officer immediately after the pat down search, and (3) refusing to grant a mistrial when the State's comments during opening statement were unduly prejudicial and improperly shifted the burden of proof. We affirm pursuant to Rule 220(b), SCACR.

1. The trial court did not err in admitting the drug evidence because, under the totality of the circumstances, there was sufficient reasonable belief the defendant was armed and dangerous to conduct a pat down search. *See State v. Frasier*, 437 S.C. 625, 634, 879 S.E.2d 762, 767 (2022) ("In order to prolong or exceed the scope of a stop beyond the initial traffic violation, law enforcement must have reasonable suspicion that criminal activity may be afoot."); *Robinson v. State*, 407 S.C. 169, 182, 754 S.E.2d 862, 868 (2014) ("[R]easonable suspicion requires there be an objective, specific basis for suspecting the person stopped of criminal activity."); *Frasier*, 437 S.C. at 635, 879 S.E.2d at 767 ("This inquiry involves the totality of the circumstances, and '[c]ourts must give due weight to common sense judgments reached by officers in light of their experience and training.'"); *State v. Provet*, 405 S.C. 101, 109, 747 S.E.2d 453, 457 (2013) ("The officer's observations while conducting the traffic stop may create reasonable suspicion to justify further search or seizure."); *State v. Banda*, 371 S.C. 245, 253, 639 S.E.2d 36, 40 (2006) ("[B]ecause of the 'indisputable nexus between drugs and guns,' where an officer has reasonable suspicion that drugs are present in a vehicle lawfully stopped, there is an appropriate level of suspicion of criminal activity and apprehension of danger to justify a frisk of both the driver and the passenger in the absence of other factors alleviating the officer's safety concerns." (quoting *State v. Butler*, 353 S.C. 383, 391, 577 S.E.2d 498, 502 (Ct. App. 2003))).

2. The trial court did not err in admitting the statement Whitener made to law enforcement following the pat down because the questioning did not exceed the bounds of a valid *Terry* search. *See State v. Baccus*, 367 S.C. 41, 48, 625 S.E.2d 216, 220 (2006) ("In criminal cases, the appellate court sits to review errors of law only. This Court is bound by the trial court's factual findings unless they are clearly erroneous." (internal citation omitted)); *State v. Barksdale*, 433 S.C. 324, 330, 857 S.E.2d 557, 560 (Ct. App. 2021) ("The decision to admit or exclude evidence is within the sound discretion of the trial court."); *id.* at 332, 857 S.E.2d at 561 ("Whether an individual is in 'custody' is determined based on the totality of the circumstances surrounding the interrogation, including 'the location, purpose, and length of interrogation, and whether the suspect was free to leave the place of questioning.'" (quoting *State v. Medley*, 417 S.C. 18, 25, 787 S.E.2d 847, 851 (Ct. App. 2016))); *State v. Smith*, 329 S.C. 550, 559, 495 S.E.2d 798, 803 (Ct. App.

1998) (finding an officer's question about the nature of contents he immediately knew to be drugs without excessive manipulation after they were felt during a pat down "did not exceed the permissible bounds of a *Terry* search").

3.  Even if comments in the State's opening argument were prejudicial to Whitener, the trial court issued an adequate curative instruction immediately after the State completed its argument and advised the jury numerous times of the State's burden of proof; therefore, we hold the trial court acted within its discretion in denying Whitener's motion for a mistrial based on the State's problematic remarks.  *See State v. Simpson*, 325 S.C. 37, 43, 479 S.E.2d 57, 60 (1996) ("The granting of a mistrial is a matter within the sound discretion of the trial judge, and his decision will not be disturbed on appeal absent an abuse of discretion amounting to an error of law."); *State v. Harris*, 382 S.C. 107, 117, 674 S.E.2d 532, 537 (Ct. App. 2009) ("A mistrial should only be granted when absolutely necessary, and a defendant must show both error and resulting prejudice in order to be entitled to a mistrial."); *Simmons v. State*, 331 S.C. 333, 338, 503 S.E.2d 164, 166-67 (1998) ("The relevant question is whether the solicitor's comments so infected the trial with unfairness as to make the resulting conviction a denial of due process."); *State v. Cooper*, 334 S.C. 540, 554, 514 S.E.2d 584, 591 (1999) (finding that any potential prejudice caused by the solicitor's comments was cured by the trial court's immediate curative instruction and the jury charge following closing arguments).

**AFFIRMED.**[1]

**WILLIAMS, C.J., KONDUROS, J., and LOCKEMY, A.J., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.